UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MACK WILSON, | No. 2:18-cv-02174 CKD |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

<u>BACKGROUND</u>

Plaintiff, born in 1950, applied on June 30, 2013 for SSI, alleging disability beginning January 1, 2005.[1] Administrative Transcript ("AT") 16, 18, 27. Plaintiff alleged he was unable to

---

[1] Plaintiff previously filed an application for SSI in 2008, which was denied in 2009 in a decision that became final and binding in 2011. AT 16.

1

work due to mental instability, paranoia, depression, hepatitis C, neck and back pain, muscle spasms, and arthritis. AT 393. In a decision dated February 14, 2018, the ALJ determined that plaintiff was not disabled.[2][3] AT 15-29. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since June 30, 2013, the application date.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

[3] The ALJ considered this case on remand from the Appeals Council. AT 15. The ALJ considered the prior finding of non-disability dated October 14, 2011, and the applicability of Acquiescence Ruling 97-4(9); Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988). The ALJ found that plaintiff rebutted the presumption of continued non-disability and res judicata did not apply to this case, as reflected in the February 14, 2018 hearing decision. AT 15-16.

2. The claimant has the following severe impairments: cervical degenerative disc disease, depressive disorder, personality disorder, lumbar strain, and polysubstance abuse (cocaine and opioids).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work [with certain exertional limitations]. He is able to understand, remember and carry out and maintain the concentration, persistence and pace to perform simple unskilled work that has no public contact. He is able to have frequent fellow employee contact, but not as part of a team and is able to appropriately interact with supervisors.

5. The claimant has no past relevant work.

6. The claimant was born on xx/xx/1950 and was 62 years old, which is defined as an individual closely approaching retirement age, on the date the application was filed.

7. The claimant has at least a high-school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 13, 2013, the date the application was filed.

AT 18-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ failed to properly assess the Department of Veterans Affairs (VA) disability rating under Ninth Circuit law.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

3

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff's challenge to the ALJ's decision relates to his alleged mental limitations. He argues that the ALJ misapplied Ninth Circuit law in assigning "no weight" to a VA finding that plaintiff was "permanently disabled" due to depression for a portion of alleged disability period.[4]

In January 2015, the VA issued a Rating Decision finding that, as of November 2013, plaintiff was "permanently disabled due to your Major Depressive Disorder, severe, with psychotic features. We also determine that you are unable to secure and maintain substantially gainful employment due to your disability." AT 629. The VA "assigned 100 percent evaluation

---

[4] The VA rating concerned the period of November 2013 to January 2015, while plaintiff's Social Security claim alleged disability for the substantially longer period of June 2013 through the ALJ's 2018 decision.

for your Major Depressive Disorder with Psychotic Features" based on the following listed factors: grossly inappropriate behavior; total occupational and social impairment; persistent hallucinations; persistent delusions; difficulty in adapting to work; difficulty in adapting to stressful circumstances; suicidal ideation; difficulty in adapting to a work-like setting; impaired abstract thinking; disturbances of motivation and mood; flattened affect; mild memory loss; depressed mood; chronic sleep impairment; anxiety; and suspiciousness. AT 630.

In the section of the decision evaluating the medical opinions in the record, the ALJ wrote:

> Effective November 2013, the Department of Veterans Affairs awarded the claimant disability pension benefits for his major depressive disorder, not related to his military service.[5] The undersigned notes that the standards used by the Department of Veterans Affairs in determining disability are completely different than those used by the Social Security Administration; therefore, the undersigned is not bound by the findings set forth in the claimant's Rating Decision. Furthermore, the undersigned notes that an opinion on whether an individual is disabled goes to an issue reserved to the Commissioner and therefore cannot be given special significance; however, such opinions could be considered in the assessment of the claimant's residual functional capacity. With this in mind, the undersigned has fully considered the findings contained within the Ratings Decision, including the determination of the claimant's 100 percent disability rating.
>
> . . .
>
> The VA rating decisions [cited above] were reviewed and the undersigned notes benefits were awarded based upon major depressive disorder with psychotic features. However, no weight was assigned to these decisions as they are contrary to the medical evidence of record which shows normal mental status examinations at the VA. Moreover, the rating decision does not address any substance abuse and the effect of substance abuse on his functioning. A January 2015 evaluation notes both major depressive disorder and cocaine and opioid use, which resulted in total occupational and social impairment. The provider noted it was difficult to assess the degree of abuse and use due to questionable veracity of the claimant. It was also noted that substance use was a method of self-medicating and not in itself a significant factor. However, this directly contradicts the previous notations that it was unclear the degree of abuse given his questionable veracity, so little weight was assigned to this conclusion. The undersigned also notes that no thorough mental status examination was conducted before this assessment was rendered. The claimant has presented with no deficits in cognition,

---

[5] Citing AT 628-631.

5

> contrary to that reported in the ratings decisions. Given history of substance usage and personality disorder, it is agreed that contact with others is to be limited.

AT 26-27 (some citations omitted).

An Eastern District of California court recently set forth the legal standard for evaluating an ALJ's decision as to VA ratings, which the undersigned adopts here.[6] "[A]lthough a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching [her] decision." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). A VA rating is not conclusive, however. McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011). Ordinarily, an ALJ must give great weight to a VA disability determination, but she may give less weight if she "gives persuasive, specific, valid reasons for doing so that are supported be the record." McCartey, 298 F.3d at 1076.

In both McCartey and McLeod the ALJ failed even to mention the claimants' VA disability ratings. Accordingly, the Ninth Circuit reversed the district court decision affirming the denial of Social Security benefits in each of these cases. However, "[s]imply mentioning the existence of a VA rating is not enough." Luther v. Berryhill, 891 F.3d 872, 877 (9th Cir. 2018). In Luther, "[t]he ALJ erred because she did not give great weight to the VA disability rating and did not provide any persuasive, specific, and valid reasons for rejecting it." Id.

An ALJ may not reject a VA rating based on a general finding that the VA and SSA disability inquiries differ. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009). Simply observing that differences exist between the rules governing VA and SSA does not constitute a persuasive, specific, and valid reason for the Commissioner to disregard the VA rating. Id. An ALJ can only meet the standard of rejecting the VA rating by articulating persuasive, specific and valid reasons that are supported by the record as a whole and based on evidence not available in the VA's disability determination. Id. In other words, "the acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason ... supported by the record.'" Id. (quoting McCartey, 298 F.3d at 1076). For example, an ALJ had sufficient basis to reject a VA disability rating when he explicitly stated

---
[6] Ferrer v. Saul, 2019 WL 4942463 (E.D. Cal. Oct. 8, 2019).

6

his reliance on later medical reports and the testimony of the claimant and the vocational expert. Atwood v. Astrue, 742 F.Supp.2d 1146, 1154 (D. Or. 2010). See also Carinio v. Berryhill, 736 Fed. Appx. 670, 673 (9th Cir. 2018) (holding that the ALJ appropriately relied on evidence subsequent to the VA determination).

If the hearing decision fails "to articulate an acceptable reason for affording the ALJ's determination little weight," courts may not speculate on reasoning sufficient to justify rejection of the VA rating. Taylor v. Colvin, 196 F.Supp.3d 1120, 1127 (N.D. Cal. 2016). In the absence of a detailed explanation of the ALJ's reasoning, a court must be "wary of speculating about the basis of the ALJ's conclusion—especially when his opinion indicates that the conclusion may have been based exclusively upon an improper reason." See Valentine, 574 F.3d at 695 (quoting Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990)).

Here, the ALJ's observation that "the standards used by the [VA] in determining disability are completely different than those used by the [SSA]" is not, by itself, a sufficient reason to reject the VA rating. AT 26. However, the ALJ added that she "fully considered the findings contained within the Rating Decision, including the determination of the claimant's 100 percent disability rating." AT 26. Because the ALJ made clear that she did not categorically reject the VA rating, the question is whether she supplied other "specific and valid" reasons for assigning it no weight.

First, the ALJ found that the rating was "contrary to the medical evidence of record which shows normal mental status examinations at the VA." AT 26; see AT 22-24 (ALJ's decision notes plaintiff's "largely normal mental functioning on examinations" in 2011; 2012 "mental status examinations showed good attention, concentration, and orientation and his memory was intact"; 2013 mental status examination "showed good eye contact, neutral mood, logical thoughts, and that he was oriented"; 2015 mental status exam "showed organized thoughts, no evidence of psychosis and intact memory and concentration"); see also AT 564, 573-576. "The claimant has presented with no deficits in cognition, contrary to that reported in the ratings decisions," the ALJ stated. AT 27. While examining physician Dr. Richard Hicks found plaintiff to have "very, very limited" mental functioning, the ALJ rejected Dr. Hicks' opinion as

inconsistent "with claimant's college education or VA records that indicate normal cognition" in an unchallenged finding. AT 25, 26.

Second, the ALJ pointed out that the VA's decision did not "address any substance abuse and the effect of substance abuse on [plaintiff's] functioning." AT 26; see AT 23-24 (noting July 2013 positive tests for cocaine and opiates and plaintiff's admission that he was "taking Norco, OxyContin and Vicodin given to him by friends"; plaintiff's January 2015 admission of cocaine and heroin use), AT 25 (noting October 2013 psychological evaluation by Dr. Kimberly Stearns, who found recent drug use and "a history of substance abuse and noncompliance with mental health treatment"). Ample record evidence, including toxicology reports and plaintiff's admissions, showed that he had used cocaine, marijuana, and opiates. See, e.g., AT 56, 58, 80, 536, 540, 611, 614, 636, 657, 671, 681, 694, 709, 711. The ALJ pointed out a January 2015 report which noted "both major depressive disorder and cocaine and opioid use, which resulted in total occupational and social impairment." AT 26-27, citing AT 677-679. The extent to which plaintiff's long-term drug use caused his mental impairment was a valid consideration for the ALJ. See Parra v. Astrue, 481 F.3d 742, 744 (9th Cir. 2007) (claimant has burden to establish that alcohol or drug addiction is not a contributing factor material to disability determination, once evidence of addiction is presented); 42 U.S.C.A. § 423(d)(2)(C).

Moreover, because the January 2015 VA rating accounted for only a portion of the multi-year period of alleged disability, the ALJ based her assessment on evidence not available in the VA's disability determination, including subsequent statements by plaintiff, clinical findings, and medical opinions. The undersigned concludes that the ALJ provided specific and valid reasons, supported by the record as a whole, for considering but ultimately rejecting the VA rating.

////
////
////
////
////
////

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is denied; and

2. Judgment is entered for the Commissioner.

Dated: February 4, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wilson2174.ssi.ckd